13941

MONTGOMERY & CRAWFORD, INC., *ET AL.,* v. ARCADIA MILLS *ET AL.*

(177 S. E., 151)

Messrs. *White & Case, Wilton H. Earle, B. F. Martin* and *Price & Poag,* for Bankers' Trust Co. of N. Y.

Messrs. *Nicholls, Wyche & Russell;* for John Z. Cleveland.

Messrs. *Perrin & Tinsley,* for Arcadia Mills.

Messrs. *Haynsworth & Haynsworth,* for South Carolina National Bank.

Messrs. *Lyles & Daniel,* for others.

November 12, 1934.

*Per Curiam.*

Under the provisions of an order of this Court filed October 12, 1934, and remitted to the Common Pleas Court for Spartanburg County, in the case of *Montgomery & Crawford, Inc., et al., etc., v. Arcadia Mills et al.,* 176 S. E., 589, the receivers of Arcadia Mills have advertised for sale on November 14, 1934, during the usual hours of sale, at Spartanburg Courthouse, all of the property of Arcadia Mills, including lands, buildings, machinery, cotton, manufactured goods, stock in process, store merchandise, supplies, and all other property of Arcadia Mills, a textile industrial corporation, located in Spartanburg County, which is to be sold as a going, operating concern, the purchaser to take title to all moneys and other property on hand at the time of compliance with the bid, and to assume payment of all current claims for labor and supplies contracted within thirty days prior to time of compliance, and to assume any unfilled orders for the purchase or sale of goods.

While the advertisement does not so state, nor does the order of this Court expressly so provide, the question has arisen since the remission of the judgment of this Court

whether the provisions of the Act regulating judicial sales of real estate adopted in 1932 (Act April 11, 1932, 37 St. at Large, page 1529), as amended in 1933 (Act May 16, 1933, 38 St. at Large, page 511), apply to the instant sale. and, therefore, whether the bidding closes on the day of sale, or remains open for raising bids for thirty days thereafter, and the receivers propose to announce that the statute applies.

Conceiving that the importance of the interests involved, and the uncertainty resulting from the supposed doubt as to whether or not the mentioned statute applies, and the time between the day of sale as fixed and the filing of the order appointing that day not permitting the presentation of the question on circuit in time for obtaining a decision here before the sale takes place, makes a case properly presentable to this Court on an application for injunction under Code, § 26 and Rule 20 of this Court, the plaintiffs here, bringing in by proper service of summons and complaint all interested parties, have sued in the original jurisdiction to enjoin the receivers from announcing at the sale that the provisions of the mentioned statute apply, and for a final determination that the statute does not apply, but that bidding closes on the day of sale.

All the parties interested have answered, waiving time for notice of the application for injunction, consenting that a final decision on the merits be made on the motion papers, and asking that such determination be promptly made and become immediately effective, so that the advertised sale may not be delayed or postponed. Counsel for all parties are agreed in opinion that the statute does not apply, because it is limited to judicial sales of real estate, whereas the sale here involved is the sale of an industrial corporation as a going concern, to which character it is essential (as provided in the former judgment of this Court) that the moneys and personal property of every description shall pass to the purchaser, the personal property used and useful in

the business investing the enterprise as a unit with a value which it would not have by adding, after a separate sale, the aggregate totals of the items of realty and personalty.

In support of this position counsel on all sides urge that to give the judicial sales statute a construction making it applicable to this case would deprive the Courts of the jurisdiction conferred by the Constitution to exercise the equity jurisdiction known to the Courts of England at the time of the adoption of our Constitution, to the extent that such jurisdiction included the power to order sales of corporations and other enterprises as unit, going concerns.

The positions urged seem to the Court sound. It is clear that the statute was not intended to have such effect. It is remedial in nature, and should not be given a construction which might work to the detriment of the interest sought to be preserved.

Moreover, the order for sale heretofore made is the law of the case, and, from its provisions it is clear that the statute regulating sales of real estate does not apply. It directs the deposit of $10,000.00 on the day of sale, $50,000.00 two days later, and completion of compliance within thirty days, clearly indicating the closing of bidding on the day of sales.

Therefore, since the interpretation of the judicial real estate sales statute makes it inapplicable, and the order of sale expressly negativing its applicability is the law of the case, and since, on this proceeding all parties are properly before the Court in its original jurisdiction, it is ordered that the receivers announce at the sale that the bidding will close on the day of the sale, and they are permanently enjoined from stating or announcing to the contrary. It is also adjudged that the former order of this Court, which is the law of the case, makes the provisions of the statute regulating judicial sales inapplicable to the order sale of Arcadia Mills, fixed for November 14, 1934.